UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES of the LEATHER GOODS, HANDBAGS, AND NOVELTY WORKERS' UNION LOCAL 1 JOINT RETIREMENT FUND,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>CENTRAL FUR STORAGE CO.; XYZ CORPORATIONS 1-10; and JOHN AND JANE DOES (1-10),<br><br>　　　　　　　　　　Defendants. | **COMPLAINT** |

Plaintiffs, the Trustees (the "Trustees") of the Leather Goods, Handbags, and Novelty Workers' Union Local 1 Joint Retirement Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants Central Fur Storage Co. ("Central Fur"), fictitious entities XYZ Corporations (1-10), and fictitious individuals John and Jane Does (1-10), and allege as follows:

**I.　INTRODUCTION**

1.　This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the mass withdrawal termination of the Fund as of December 31, 2013.

2.　Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover Central Fur's allocated share of the Fund's unfunded vested benefits, accrued interest, liquidated damages, and attorneys' fees and costs.

## II.   JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because Central Fur purposefully availed itself of the benefits of the laws of the State of New York when it agreed to remit contributions to a benefit fund administered in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## III.   PARTIES

6. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA § 3(37), 29 U.S.C. §§ 1002(37).  The Fund is administered from 166 East Jericho Turnpike, Mineola, New York 11501.

7. The Trustees are trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. Defendant Central Fur is a for-profit foreign corporation having its principal place of business at 141 Lanza Avenue, Bldg. 31, Garfield, New Jersey 07026.

9. Defendants XYZ Corporations (1-10) are fictitious entities whose identities are not currently known to the Trustees, but who, upon information and belief, were trades or businesses under common control with Defendant Central Fur pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) at the time of the Fund's mass withdrawal termination.

10. Defendants John and Jane Does (1-10) are fictitious individuals whose identities are not currently known to the Trustees, but who, upon information and belief, were sole proprietorships under common control with Defendant Central Fur at the time of the Fund's mass withdrawal termination pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by Central Fur to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

11. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

12. Central Fur was party to a collective bargaining agreement (the "CBA") with the Leather Goods, Handbags, and Novelty Workers' Union Local 1, with respect to which the Fund was a third-party beneficiary. The CBA required Central Fur to remit contributions to the Fund on behalf of those employees covered by the CBA.

13. As of December 31, 2013, the Fund experienced a "mass withdrawal" termination within the meaning of 29 C.F.R. § 4001.2 and ERISA § 4041A(a)(2), 29 U.S.C. § 1341A(a)(2).

14. As a result of the Fund's termination, all contributing employers, including Central Fur, ceased to have an obligation to contribute to the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a), and became obligated to pay initial withdrawal liability, redetermination liability, and reallocation liability in accordance with 29 C.F.R. § 4219.11 to 12.

15. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated May 28, 2014, a true and correct copy of which is attached as **Exhibit A**, the Fund provided Central Fur a calculation of its combined initial and redetermination liability, which amount was payable in quarterly installments of $1,391.85 commencing on or before July 27, 2014 and continuing in perpetuity.

16. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated January 29, 2016, a true and correct copy of which is attached as **Exhibit B**, the Fund notified Central Fur that its reallocation liability was calculated to be $905,284, making the total amount of its outstanding withdrawal liability $7,226,538. In the letter, the Fund advised Central Fur that it should continue to remit quarterly installments of $1,391.85 in accordance with the initial assessment, and that it was required to make these payments in perpetuity.

17. To date, Central Fur has made quarterly payments totaling $16,702.20.

18. After having not received the quarterly payment due on or before January 27, 2017, in accordance with ERISA § 4219(c)(2) to (5), 29 U.S.C. § 1399(c)(2) to (5), by certified letter dated March 7, 2017, a true and correct copy of which is attached as **Exhibit C**, the Fund notified Central Fur that it was in default of its withdrawal liability obligations, and offered it an opportunity to cure the default within sixty (60) days.

19. After not having received the demanded payment, in accordance with ERISA § 4219(c)(5) and (c)(6), 29 U.S.C. § 1399(c)(5) and (c)(6), by certified letter dated September 27, 2017, a true and correct copy of which is attached as **Exhibit D**, the Fund notified Central Fur that it remained in default of its withdrawal liability obligations, and that the Fund had elected to accelerate Central Fur's withdrawal liability and to assess interest on the total outstanding amount. The Fund demanded immediate payment of the outstanding amount of withdrawal liability plus accrued interest.

20. More than sixty (60) days have elapsed since Central Fur's receipt of the notice of default dated March 7, 2017, and Central Fur has failed to remit the withdrawal liability assessed by the Fund.

21. More than 180 days have elapsed since the Fund notified Central Fur of its initial and redetermination withdrawal liability on May 28, 2014 and of its reallocation liability on January 29, 2016 when the Fund sent the letter, and Central Fur has failed to initiate arbitration proceedings pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a).

22. Because Central Fur has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), its liability is incontestable, and it is liable to pay to the Fund its accelerated withdrawal liability.

23. Plaintiffs, the Trustees of the Fund, demand judgment against Defendant Central Fur for $7,865,141.97 for the outstanding amount of its allocated share of the unfunded vested liabilities of the Fund (including interest accrued through December 19, 2018), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by XYZ Corporations (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

24. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

25. Defendants XYZ Corporations (1-10), upon information and belief, are trades or businesses that were under common control with Central Fur within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

26. As such, Defendants XYZ Corporations (1-10) are jointly and severally liable with Central Fur for Central Fur's outstanding withdrawal liability.

27. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants XYZ Corporations (1-10) for $7,865,141.97 for the outstanding amount of Central Fur's allocated share of the unfunded vested liabilities of the Fund (including interest accrued through December 19, 2018), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by John and Jane Does (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

28. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

29. Defendants John and Jane Does (1-10), upon information and belief, are sole proprietorships that were under common control with Central Fur within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

30. As such, Defendants John and Jane Does (1-10) are jointly and severally liable with Central Fur for Central Fur's outstanding withdrawal liability.

31. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants John and Jane Does (1-10) for $7,865,141.97 for the outstanding amount of Central Fur's allocated share of the unfunded vested liabilities of the Fund (including interest accrued through December 19, 2018), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

Dated:  December 19, 2018    **PROSKAUER ROSE LLP**

By:  */s/ Neil V. Shah*
    Neil V. Shah

One Newark Center
1085 Raymond Boulevard
Newark, New Jersey 07102
(973) 274-3205
nshah@proskauer.com

*Counsel for the Plaintiffs*